# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# VICTORIA DIVISION

| | | |
|---|---|---|
| **RODERICK REESE,** | § | |
| | § | |
| **Petitioner,** | § | |
| v. | § | **CIVIL ACTION V-06-15** |
| | § | |
| **DOUGLAS DRETKE, Director, Texas** | § | |
| **Department of Criminal Justice,** | § | |
| **Institutional Division,** | § | |
| | § | |
| **Respondent.** | § | |

## ORDER

Pending before the Court are Petitioner Roderick Reese's Motion for Writ of Mandamus (Dkt. #4), Motion for Appointment of Counsel (Dkt. #6), and Request for Expert Witness (Dkt. #7). Having considered Petitioner's motions and his request, the Court is of the opinion that they should be DENIED.

Mandamus is granted only in the clearest and most compelling cases in which the party seeking mandamus shows that no other adequate means exist to attain the requested relief and that his right to a writ of mandamus is "clear and indisputable." *In re Willy*, 831 F.2d 545, 549 (5th Cir. 1987). Petitioner has filed a writ of mandamus requesting the Court to correct an alleged abuse of discretion exercised by the Texas Department of Criminal Justice, Correctional Institutions Division during his disciplinary proceeding. Petitioner is not entitled to mandamus relief because he has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, which is an adequate means for him to obtain the relief he seeks. Therefore, Petitioner's Motion for Writ of Mandamus (Dkt. #4) is DENIED.

The United States Supreme Court has held that prisoners have no constitutional right to counsel when mounting a collateral attack upon a conviction. *Pennsylvania v. Finley*, 481 U.S. 551, 555, 107 S. Ct. 1990 (1987) (citing *Johnson v. Avery*, 393 U.S. 483, 488, 89 S. Ct. 747, 750 (1969)). The Court finds no reason to depart from this precedent. Accordingly, Petitioner's Motion for Appointment of Counsel (Dkt. #6) is DENIED.

Finally, Petitioner requests the assistance of Georgetown University Law Center Professor Jill Ramsfield. The Court granted Petitioner's Application to Proceed *In Forma Pauperis* ("IFP") on June 12, 2006. The IFP statute, 28 U.S.C. § 1915, does not provide for the appointment of expert witnesses to aid indigent litigants. *Pedraza v. Jones*, 71 F.3d 194, 196 (5th Cir. 1995). Moreover, Petitioner's request for Expert Witness is essentially a request for legal assistance and the Court held above that Petitioner has no constitutional right to counsel to assist him with his collateral attack upon his conviction. *See Pennsylvania v. Finley*, 481 U.S. at 555, 107 S. Ct. 1990. Thus, Petitioner's Request for Expert Witness (Dkt. #7) is DENIED.

It is so ORDERED.

Signed on this 16th day of June, 2006.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE